**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Martin Dixon, Appellant.

Appellate Case No. 2023-000597

Appeal From Richland County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2026-UP-395
Submitted July 1, 2026 – Filed August 5, 2026

**AFFIRMED**

Appellate Defender Gary Howard Johnson, II, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General Mark Reynolds
Farthing, and Solicitor Byron E. Gipson, all of Columbia,
for Respondent.

**PER CURIAM:** Martin Dixon appeals his convictions for kidnapping and attempted murder as well as his concurrent sentences of twenty-three years' imprisonment for kidnapping and twenty-three years' imprisonment for attempted

murder. On appeal, Dixon argues (1) the trial court should have granted a mistrial and recused itself because it assumed the role of advocate for the State when it pressured his co-conspirator to waive her rights and provide incriminating testimony and (2) his right to a fair trial was violated because the trial court admitted it would discriminate when imposing a sentence based upon a difference in gender between Dixon and his co-conspirator. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in denying Dixon's motions for mistrial and recusal. *See State v. Stanley*, 365 S.C. 24, 33, 615 S.E.2d 455, 460 (Ct. App. 2005) ("The decision to grant or deny a mistrial is within the sound discretion of the trial judge."); *id.* ("The court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *Ness v. Eckerd Corp.*, 350 S.C. 399, 404, 566 S.E.2d 193, 196 (Ct. App. 2002) ("The decision to recuse is within the discretion of the trial judge."). First, as to the mistrial motion, we hold Dixon has not shown the level of prejudice necessary to warrant a mistrial. *See Stanley*, 365 S.C. at 34, 615 S.E.2d at 460 ("The granting of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that prejudicial effect can be removed in no other way."); *id.* ("A mistrial should only be granted when 'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial."). Counsel for Dixon's co-conspirator informed the court that she had pending charges stemming from the incident and she had mental health issues, a low IQ, and difficulty understanding legal concepts; accordingly, the court had a legitimate basis to ensure the co-conspirator understood her rights, her pending charges, and the consequences of invoking the Fifth Amendment. *See State v. Pitts*, 256 S.C. 420, 429, 182 S.E.2d 738, 743 (1971) ("In case of timely objection to the competency of a person offered as a witness, it is the duty of the court to make such examination as will satisfy it as to the competency or incompetency of the person to testify . . . ."). Additionally, the challenged colloquy occurred outside the jury's presence, and the record does not show the court ordered the co-conspirator to testify or that it directed the substance of her testimony. Further, the co-conspirator's testimony implicating Dixon was consistent with the video-recorded statement she gave to law enforcement after her arrest, which was admitted and provided to the jury during deliberations. Dixon also cross-examined the co-conspirator regarding her testimony, prior statements, and reasons for testifying. Accordingly, we hold Dixon has not shown the requisite prejudice for a mistrial.

Second, as to the recusal motion, we hold Dixon failed to introduce any evidence of bias or prejudice stemming from an extra-judicial source. *See State v. Jackson*, 353 S.C. 625, 627, 578 S.E.2d 744, 745 (Ct. App. 2003) ("It is not enough for a party seeking disqualification to simply allege bias or prejudice. The party must show some evidence of that bias or prejudice."); *id.* ("The alleged bias or prejudice must stem from an extra-judicial source and result in a decision based on information other than what the judge learned from his or her participation in the case as a judge."). The challenged comments were made outside the jury's presence during a discussion focused on the co-conspirator's understanding of her Fifth Amendment rights, her pending charges, and her ability to make an informed decision about whether to testify. *See Shaw v. State*, 276 S.C. 190, 193, 277 S.E.2d 140, 141 (1981) ("[T]he fair meaning of any remark must be interpreted in the light of the context in which it is uttered in determining whether the remarks show personal bias or prejudice on the part of the judge sufficient to require that he be disqualified."). Although we are concerned by the court's comment that it would "put a guy in prison a lot faster than [it would] put a woman in prison," Dixon did not identify any ruling or sentence affected by bias. Thus, considering the colloquy as a whole, we hold that Dixon has not demonstrated that the trial court abused its discretion in denying his motion for recusal.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.